UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. 2:15-CR-1006 |
| | § | (CIVIL ACTION NO. 2:17-CV-30) |
| ALEJANDRO OCEGUERA | § | |

**SUPPLEMENTAL ORDER DISMISSING MOTION TO VACATE,
SET-ASIDE OR CORRECT SENTENCE AND DENYING
A CERTIFICATE OF APPEALABLITY**

The Fifth Circuit Court of Appeals remanded to this Court an issue that was not resolved in Alejandro Oceguera's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. D.E. 40. The Court summarized the background and procedural history of Oceguera's criminal proceedings in its Order dated May 23, 2017 (D.E. 42).

**I. MOVANT'S ALLEGATIONS**

In this Court's original Order, the Court summarized Oceguera's grounds for relief as follows: 1) counsel was ineffective because counsel failed to negotiate a fast-track plea agreement or to advise Oceguera that such a plea was available, and 2) the government breached the plea agreement when it failed to recommend a 5K sentence reduction. Oceguera's Memorandum of Law recited a third ground that the Court overlooked: counsel provided ineffective assistance at sentencing by failing to request a continuance or to raise the proposed amendments to the Sentencing Guidelines that would have reduced Oceguera's sentencing guideline range.

**II. ANALYSIS**

Oceguera was arrested in October 2015 for illegal reentry and pleaded guilty on December 29, 2015. The Presentence Investigation Report (PSR) was filed on February 26,

2016. The Court sentenced Oceguera on March 8, 2016, to 64 month's imprisonment for illegal reentry.

On January 8, 2016, before the PSR was completed, the United States Sentencing Commission issued a press release regarding potential amendments to the Sentencing Guidelines for immigration offenses.[1] On January 14, 2016, the Commission sought comments on several proposed amendments including Amendment 802 that revised the text of U.S.S.G. § 2L1.2, applicable here.[2] The Commission held hearings on February 17 and March 16, 2016. On April 28, 2016, the proposed Amendments were submitted to Congress with an effective date of November 1, 2016.[3] Oceguera was sentenced *before* the final hearing on proposed Amendment 802, before the language was final, and nine months before its effective date.

The Court discussed the *Strickland* standard for complaints of ineffective assistance of counsel in its previous Order. In addition, "[g]enerally, counsel is not ineffective for failing to anticipate future changes in the law; counsel is not required to be clairvoyant." *See United States v. Cooks*, 461 F.2d 530, 532 (5th Cir. 1972); *see also United States v. Fields*, 565 F.3d 290, 296 (5th Cir. 2009); *Lucas v. Johnson*, 132 F.3d 1069, 1078–1079 (5th Cir. 1998).

Other district courts have considered arguments similar to those Oceguera makes here and rejected them *See United Sates v. Frazier*, 2015 WL 5595611 at *4-5 (M.D. La. 2015) (and collecting cases); *Marquez v. United States*, 2015 WL 13505957 (W.D. Tex. 2015); *Caro-Alarcon v. United States*, 2011 WL 1882127 at *4-5 (W.D. Tex. 2011). The most compelling of these cases is *Frazier*.

---

[1] www.ussc.gov.about/news/press-releases/january-8-2016.

[2] 81 FR 2295-02 at 2308-12.

[3] https://www.ussc.gov/sites/default/files/pdf/amendment-process/reader-friendly-amendments/20160428_RF.pdf.

Frazier was sentenced six days before Congress passed the Fair Sentencing Act (FSA). The FSA decreased the mandatory minimum sentence of 120 months to 60 months and increased the quantity of drugs that triggered the minimum sentence, which would have substantially decreased Frazier's guideline range and sentencing exposure. Frazier raised the issue on appeal to the Fifth Circuit which held that he was properly sentenced based upon the statute and the guidelines in effect at the time of his sentence. In addition, the Fifth Circuit held that FSA did not indicate that it applied retroactively.[4] On collateral review, Frazier alleged that counsel was ineffective for failing to request a continuance that would have allowed Frazier to be sentenced under the FSA. The district court rejected that argument. At the time of Frazier's sentencing, no action had been taken in the House of Representatives and none was scheduled, nor was there any indication that the President would sign the legislation that had been passed by the Senate five months earlier. This uncertainty lead the district court to conclude that counsel's failure to request a continuance did not constitute deficient performance.

The level of uncertainty in *Frazier* was much less than the uncertainty here. At the time Oceguera was sentenced, the final language of Amendment 802 was uncertain and the final hearing had not yet been held. In addition, as the court in *Caro-Alarcon* noted, counsel may not unilaterally continue a trial or sentencing. 2011 WL 1882127 at *5. Whether the Court would have granted a continuance is too speculative to establish prejudice. *Id*. Furthermore, Amendment 802 is not retroactively applicable. U.S.S.G. § 1B1.10(d) (802 is not listed); *see United States v. Duenas-Rodriguez*, 706 Fed. App'x 215, 216(5th Cir. 2017) (per curiam) (unpublished).

For these reasons, the Court finds that Oceguera has not met his burden to demonstrate that counsel's performance fell below reasonable professional standards.

---

[4] *United States v. Frazier*, 428 Fed. App'x 479, 480 (5th Cir. 2011).

## III. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(B). Although Oceguera has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 RULES.

A certificate of appealability (COA) "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. *United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon *Slack*, 529 U.S. at 483-84). As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484 (emphasis added).

Based on the above standards, the Court concludes that Oceguera is not entitled to a COA on his remaining issue. That is, reasonable jurists could not debate the Court's resolution of his claim, nor does this issue deserve encouragement to proceed. *See Jones*, 287 F.3d at 329.

### IV. CONCLUSION

For the foregoing reasons, Oceguera's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (D.E. 40) is dismissed pursuant to Rule 4(b) and he is DENIED a Certificate of Appealability.

SIGNED and ORDERED this 5th day of April, 2018.

_____
Janis Graham Jack
Senior United States District Judge